### 20413.   HAMNER *v.* JOHNSON *et al.*

CANDLER, Justice.   On December 14, 1955, Herman E. Johnson and Katie Lou Johnson brought an action for damages against E. E. Robinson and Arnold Hamner, alleging that they had unlawfully entered on and cut from described lands approximately 30,000 feet of timber. They prayed for $2,000 as

actual damages and $500 as punitive damages. Answering the petition, the defendant Robinson averred that he sold to the defendant Hamner on January 5, 1955, standing timber on lands which he owns and which are adjacent to the plaintiffs' lands; that the lands on which such timber was located were described by reference to recorded deeds; and that he did not participate in any way in the act of cutting and removing the timber therefrom. The defendant Hamner by his answer averred that he had not knowingly cut and removed any timber from the plaintiffs' lands; that the exact location of the dividing line between the plaintiffs' lands and the defendant Robinson's lands was unknown to him; that he, after his purchase of the timber, had a survey made for the purpose of ascertaining the location of such line, since the plaintiffs and the defendant Robinson would neither have it located by survey nor point it out to him, though they were well informed as to its location; that he immediately stopped cutting timber when the plaintiffs advised him that they "thought" he was over the line and on their lands. On December 1, 1958, the plaintiffs dismissed their suit as to the defendant Robinson, and he was stricken as a party thereto. Thereafter the defendant Hamner by an amendment to his answer, which he denominated as a cross-action and motion, sought to make E. E. Robinson a party defendant to the cause and to recover a judgment against him for $2,000 as and for the value of timber which he allegedly purchased from him, but did not get because of a controversy as to the location of the dividing line between Robinson's lands and those of the plaintiffs. On demurrer and objections thereto by Robinson, the amendment was disallowed and the court refused to make him a party to the cause. The exception is to that judgment only.

Since the original petition and disallowed amendment and the so-called cross-action and motion seek only legal relief, namely a money judgment for damages, the Court of Appeals and not this Court has jurisdiction of the writ of error. See Code (Ann.) §§ 2-3704 and 2-3708. Accordingly, the case is transferred to that court for decision.

*Transferred to the Court of Appeals. All the Justices concur.*

SUBMITTED APRIL 13, 1959—DECIDED MAY 8, 1959.

*J. Ray Merritt*, for plaintiff in error.

*Wheeler, Robinson & Thurmond, Emory Robinson, Joseph E. Cheeley*, contra.